COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
DIVISION NO.: _____
CASE NO: _____

*Electronically Filed*

**MARY CONNER**
3009 Decoursey Avenue, #1
Covington, KY 41015                                    **PLAINTIFF**

v.

**Ali-Jbarah-Shamiihai Al-Saeed**
8509 Glengary Street
Dearborn Heights, MI 48127

    *Serve Via Secretary of State*

And

**ANDI GROUP TRUCKING, Inc.**                         **DEFNDANTS**
13760 W. Buena Vista
Detroit, MI 48227

    *Serve Via Secretary of State*
    *Registered Agent of Service:*
    Andi Kareem
    29292 Marvin Drive
    Farmington Hills, MI 48331

---

### COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, Mary Conner, by and through counsel, and for her cause of action against the Defendant, states as follows:

**Relevant Parties**

1.     Plaintiff, Mary Conner, is and at all times relevant to this action was a resident of the City of Covington, County of Kenton, Commonwealth of Kentucky.

2.  Defendant, **Ali-Jbarah-Shamiihai Al-Saeed**, hereafter "Al-Saeed, is and at all times relevant to this action was a resident of the City of Dearborn Heights Michigan and at the time of the cause of action arose, was a motorist operating a commercial truck in Lakeside Park, Kenton County, Commonwealth of Kentucky.

3.  At all times relevant Defendant, Andi Group Trucking, hereafter "Andi", was a foreign corporation, registered in the state of Michigan, and doing business in Kentucky.

4.  Upon information and belief, at all times relevant Defendant, Al-Saeed was employed by Defendant Andi.

## Jurisdiction & Venue

5.  This Court has proper venue of this action in that the plaintiff is a resident of the City of Covington, County of Kenton, Commonwealth of Kentucky and the events giving rise to the cause of action took place in Crestview Hills, Kenton County, Kentucky.

6.  This Court has subject matter jurisdiction over this action because this is an action for damages in which the amount in controversy exceeds the minimum jurisdictional amounts of this Court.

## Background

7.  Plaintiff incorporates by reference each and every allegation in the paragraphs above.

8.  On or about June 29, 2017, Plaintiff was traveling on Interstate 275, west bound, near Crestview Hills, Kenton County, Kentucky.

9.  At the same time, Defendant, Al-Saeed, was also traveling on Interstate 275 in the west bound direction.

10. At or about the same time, Plaintiff was stopped in traffic on Interstate 275.

11. Defendant negligently failed to observe the slow traffic in front of him, and collided with Plaintiff's vehicle, sending her vehicle into other vehicles that were stopped in front of her.

12. Plaintiff had to be taken to the St. Elizabeth Emergency Department for serious injuries sustained to her head.

## COUNT I – NEGLIGENCE

13. Plaintiff restates all of the allegations contained in the above paragraphs and further states:

14. That as a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff's vehicle was rear ended by Defendant Al Saeed, who negligently failed to be attentive and to slow to stopped traffic and caused Plaintiff to sustain injury.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe injuries throughout her body and will continue to suffer in the future.

16. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur medical bills in an amount to be proven at trial.

17. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injury.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced and continues to experience great physical pain and suffering, loss of enjoyment of life and serious emotional distress.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has lost time and wages from work.

## COUNTS AGAINST DEFNDANT ANDI GROUP TRUCKING
## COUNT I: VICARIOUS LIABILITY

20. At all times relevant, Defendant Al- Saeed was an agent, and/or employee of Defendant Andi.

21. Andi Trucking is in fact, a commercial trucking company, located in Michigan, and registered to do business in the State of Michigan.

22. Defendant Al-Saeed was performing within the scope of his employment with Andi Trucking during his course of employment of driving a truck for Andi Trucking.

23. Defendant Andi Trucking is responsible for harm caused by acts of its employees for conduct that was within the scope of employment under the theory of respondeat superior.

24. Defendant Andi Trucking is vicariously liable for the acts of Defendant Al-Saeed alleged in this Complaint including all of the counts asserted against Defendant Al-Saeed directly.

25. As a direct and proximate result of Defendant Andi Trucking Group's acts and omissions, Plaintiff sustained all damages requested in the prayer for relief.

## COUNT II: NEGLIGENCE

26. Plaintiff restates all of the allegations contained in the above paragraphs and further states:

27. That as a direct and proximate result of the negligence of each Defendant as set forth above, Plaintiff's car was struck by Defendant Al-Saeed, who negligently rear-ended Plaintiff and caused Plaintiff to sustain injury.

28. As a direct and proximate result of the negligence of each Defendant, Plaintiff suffered severe injuries throughout her body and will continue to suffer in the future.

29. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred and will continue to incur medical bills in an amount to be proven at trial.

30. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injury.

31. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced and

continues to experience great physical pain and suffering, loss of enjoyment of life and serious emotional distress.

32. As a direct and proximate result of Defendants' negligence, Plaintiff has lost time and wages from work.

**WHEREFORE**, Plaintiff, Mary Conner, requests judgment against the Defendants as follows: compensatory damages; special damages to be proven at trial; pre-judgment interest; the costs of this suit, including reasonable attorney's fees; and for such other relief as this Court may deem just and equitable.

Respectfully submitted:

/s/ A. Dominick Romeo,
**A. Dominick Romeo (97754)**
5247 Madison Ave.
Independence, KY 41051
Phone: 859-363-1900
Fax: 859-363-1444
dromeo@ericdeters.com
*Attorney for Plaintiff*

### Jury Demand

Plaintiff herein demands a Trial by Jury.

/s/ A. Dominick Romeo
A. Dominick Romeo (97754)